IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIFESPRING CHURCH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. CIV-22-863-JD |
| § | |
| BROTHERHOOD MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff files this Original Complaint and would show:

### PARTIES

1.  Plaintiff Lifespring Church is an Oklahoma not for profit corporation with its principal place of business located at 600 West Tecumseh Road, Norman, Oklahoma 73069.

2.  Defendant Brotherhood Mutual Insurance Company is an Indiana corporation doing business in Oklahoma, with its principal place of business located at 6400 Brotherhood Way, Fort Wayne, Indiana 46825. Defendant can be served with process through its agent for service of process, Cogency Global, Inc., 1601 Elm Street, Ste 4360, Dallas, TX 75201.

### JURISDICTION AND VENUE

3.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is an Oklahoma citizen. Defendant is an Indiana citizen. An actual controversy exists which arises from damage to Plaintiff's real and personal property in Norman, Oklahoma. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into an insurance contract identified as Policy 35MLA0356026 (the "Policy"). The Policy covered, among other causes of loss, hail losses which occurred during the coverage period, January 8, 2019 to January 8, 2022. The Policy insured the real and personal property located at 600 West Tecumseh Road, Norman, Oklahoma 73069 (the "Property").

6. On or about April 28, 2021, a catastrophic hailstorm damaged the Property. Plaintiff timely reported the loss.

7. On March 16, 2022, Plaintiff sent Defendant a demand letter and Plaintiff's contractor's estimate identifying the amount of loss. Plaintiff demanded payment of the amount identified in the attached estimate minus the applicable deductible.

8. On September 21, 2022, Defendant sent Plaintiff a letter stating the Property's roofing system did not sustain damage covered under the Policy. Specifically, Defendant stated the vast majority of the roofing system's damage was excluded under the Policy's cosmetic damage exclusion and/or wear and tear exclusion. Defendant attached the August 26, 2022 roof inspection report prepared by Haag Engineering.

9. Haag Engineering inspected the Property on May 31, 2022 and July 28, 2022. Haag Engineering's report states it found hail dents, deformations, and scratches. However, Haag Engineering concluded none of the of the hail damage observed reduced the roofing system's

functionality or shortened its service life. The report states "denting and deformation of metal panels would not be expected to diminish the function of the metal panels…"

10. Neither Defendant, nor any third party on its behalf, performed any testing to determine whether the Property's hail damage was functional, meaning it caused "[a] decrease in functionality of the covered property" or "[a]decrease in the useful life of the covered property." The nature of the damage exclusion under the Policy is incapable of being resolved solely by visual examination. A more thorough investigation, including metallurgical testing, would have revealed the hail damage did reduce the roofing system's functionality and/or shortened its service life.

11. Further, Defendant's determination and notification that the claim was outside of policy coverage did not comply with the deadlines for an insurer completing its investigation as required by *Okla. Stat. tit. 36 § 1250.7(C)* and *Okla. Admin Code § 365:15-3-7(a)(1)*.

12. Defendant failed and refused to perform a complete, competent, and unbiased investigation of the claim, in breach of the Policy and in violation of its duty of good faith and fair dealing.

## CAUSES OF ACTION

13. **Breach of Contract.**  Plaintiff incorporates the allegations of paragraphs 5–12 the same as if fully set forth herein. The parties entered into an insurance contract identified as the Policy. Plaintiff complied with the Policy's provisions, including but not limited to payment of the premiums and timely notice of the loss. Defendant breached a material provision of the Policy by refusing to pay replacement cost damages owed under the Policy after a Covered Cause of Loss. Defendant's breach damaged Plaintiff.

14. **Breach of the Duty of Good Faith and Fair Dealing.**  Plaintiff incorporates the allegations of paragraphs 5–12 the same as if fully set forth herein. Defendant's refusal to pay the

claim was unreasonable under the circumstances because: (1) Defendant did not perform a proper investigation; (2) Defendant did not evaluate the results of the investigation properly; and/or (3) Defendant had no reasonable basis for its refusal to issue the claimed amount. Defendant did not deal fairly and in good faith with Plaintiff. Defendant's violation of its duty of good faith and fair dealing was the direct cause of the damages sustained by Plaintiff and sought to be recovered in this action.

15. Pursuant to *23 Okla. Stat. § 23-9.1B Punitive Damages*, Defendant recklessly, or alternatively, intentionally and with malice, disregarded its duty to deal fairly with Plaintiff and is liable for punitive damages. Upon information and belief, Plaintiff alleges Defendant's actions were not isolated events but were consistent with approved company-wide practices or policies which reward and encourage systematic underpayment, delay, and denial of covered claims.

16. **Section 3629 Liability.** Defendant failed to submit a written offer of settlement within 90 days of receipt of information sufficient to establish proof of the loss, which occurred at the latest on March 16, 2022. Plaintiff is entitled to its costs and attorney's fees as a prevailing party. Defendant has made no written offer of settlement.

## JURY DEMAND

17. **Jury Demand.** Plaintiff demands a jury.

## PRAYER

18. Plaintiff prays Defendant be cited to appear and answer herein and upon hearing that Plaintiff recover judgment against Defendant for the following:

   a. Actual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Exemplary and punitive damages as allowed by law;

   e. Penalties and interest as allowed by law; and

   f. All other relief to which Plaintiff may show itself entitled in law or in equity.

            Respectfully Submitted,

            /s/ Benjamin D. Doyle
            BENJAMIN D. DOYLE
            Okla. State Bar No.: 33346
            **STOCKARD, JOHNSTON,**
            **BROWN, NETARDUS & DOYLE, P.C.**
            P.O. Box 3280
            Amarillo, Texas 79116-3280
            (806) 372-2202 - Telephone
            (806) 379-7799 - Fax
            bdoyle@sjblawfirm.com
            **ATTORNEY FOR PLAINTIFF**